UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MONIQUE CROSS, DORAI BLACK, and AMERICA THOMAS,**
on behalf of themselves and all other persons similarly situated, known and unknown,

   Plaintiffs,

vs.

Case No:
Hon.
Magistrate Judge

**DIVERSIFIED RESTAURANT HOLDINGS, INC.,**
a Michigan for-profit corporation,
   Defendant.
_____/

Bryan Yaldou (P70600)
Omar Badr (P70966)
THE LAW OFFICES OF
BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
Bryan@yaldoulaw.com
*Attorneys for Plaintiffs*
_____/

**PLAINTIFFS' COMPLAINT AND JURY DEMAND**

1

NOW COME Plaintiffs Monique Cross (Plaintiff Cross), Dorai Black (Plaintiff Black) and America Thomas (Plaintiff Thomas), by and through their attorneys, THE LAW OFFICES OF BRYAN YALDOU, PLLC, and for their Complaint against Defendant Diversified Restaurant Holdings, Inc. (Defendant DRH), hereby allege the following:

## INTRODUCTORY STATEMENT

1. This is a civil action seeking relief under the provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.* Plaintiffs are employees of Defendant DRH whose rights under this statute have been violated and they now seek to recover the benefits due to them from Defendant DRH under the FLSA as a result of Defendant DRH's failure to pay proper minimum and overtime wages to Plaintiffs.

2. Plaintiffs seek a declaration that their rights under the FLSA have been violated, an award of the unpaid wages owed to them, an award of liquidated damages in an amount equal to the unpaid wages owed to them, and an award of reasonable attorney's fees and costs, as provided for in the FLSA, in order to compensate them for damages suffered and to ensure that they and future employees will not suffer as a result of such illegal conduct on the part of Defendant DRH in the future.

## JURISDICTION AND VENUE

3. Plaintiffs hereby repeat and reallege the preceding paragraphs as though fully set forth herein.

4. This Court has jurisdiction over Plaintiffs' FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(a) and 1391(b), because Plaintiffs reside in this District, worked for Defendant DRH in this District, and suffered the damages at issue in this District, and because Defendant DRH has significant business contacts within this District, and because the actions and events giving rise to Plaintiffs' claims occurred in this District.

## PARTIES

6. Plaintiffs hereby repeat and reallege the preceding paragraphs as though fully set forth herein.

7. Plaintiff Cross is an adult citizen of the State of Michigan, who resides in this judicial district.

8. Plaintiff Black is an adult citizen of the State of Michigan, who resides in this judicial district.

9. Plaintiff Thomas is an adult citizen of the State of Michigan, who resides in this judicial district.

10. Plaintiffs are current and former employees of Defendant DRH at its 1218 Randolph St, Detroit, MI 48226 location.

11. Defendant DRH is a for-profit Michigan corporation with its registered office address at 27680 Franklin Rd. Southfield, MI 48034.

12. Defendant DRH is the largest franchisee of Buffalo Wild Wings restaurants and has 65 Buffalo Wild Wings restaurants located in Florida, Illinois, Indiana, Michigan, and Missouri.[1]

13. The annual gross volume of sales made or business done by Defendant exceeds $500,000.00.

14. Beginning in 2014 and ending in 2015, Defendant DRH was the Defendant in another FLSA lawsuit. *Wolverton et. al. v. Diversified Restaurant Holdings, Inc.*, Case No. 14-cv-11333 (E.D. Mich. Mar. 31, 2014). The case was settled.

## STATEMENT OF MATERIAL FACTS

15. Plaintiffs hereby repeat and reallege the preceding paragraphs as though fully set forth herein.

---

[1] FAQ, DIVERSIFIED RESTAURANT HOLDINGS, INC., (last visited Mar. 6, 2018), http://www.diversifiedrestaurantholdings.com/investor-resources/faqs/default.aspx

16. Plaintiffs are current and former employees that were employed by Defendant DRH to perform work at Defendant DRH's Buffalo Wild Wings restaurant located at 1218 Randolph St, Detroit, MI 48226 location.

17. The annual gross volume of sales made or business done by Defendant DRH exceeds $500,000.00, exclusive of excise taxes.

18. Defendant DRH owns and operates 64 Buffalo Wild Wings restaurants in the states of Florida, Illinois, Indiana, Michigan, and Missouri.

19. During their employment with Defendant DRH, Plaintiffs are involved in the handling of goods, including perishable produce and food products, which move in interstate commerce.

20. Plaintiffs are employed by Defendant DRH as bartenders.

21. Plaintiffs allege that they, and other similarly situated tipped employees, spend a substantial amount time – significantly more than 20 percent of their time – for which they are paid the tipped rate performing untipped duties in violation of the FLSA.

22. In fact, Plaintiffs spend over 50 percent of their working time performing untipped tasks.

23. Upon information and belief, Defendant DRH does not employ a janitor at Plaintiffs' work site. Instead, Defendant DRH relies on its servers and bartenders to perform all necessary daily and weekly janitorial and maintenance functions.

24. Upon information and belief, this practice is standard in all Defendant DRH's Buffalo Wild Wings restaurants.

25. Plaintiffs and similarly situated tipped employees spent and continue to spend a substantial amount during a workweek, significantly more than 20 percent of their time. During that time they are paid a subminimum, tipped wage rate performing untipped work unrelated to their tipped occupation

26. Examples of the duties that Defendant DRH requires Plaintiffs and similarly situated tipped employees to perform that are unrelated to their tipped occupation or that are simply untipped work include: assembling soda machines, setting up cleaning stations with sanitizer, filling cleaning station for the silverware with water, washing silverware, setting up bus tubs, filling buckets with ice, filling the ice stations, turning on TVs, cleaning TVs, taking chairs down from the bar, putting chairs up onto the bar, wiping down and straightening the caddies on the bar, replacing ketchup bottles, wiping down chairs and the bar, stocking beer coolers, unboxing beer and 6-packing them, placing unboxed beer on shelves, moving and changing beer kegs, boxing empty bottles and placing them in the corral, placing empty beer kegs in the corral, cleaning out the beer cooler by sweeping and mopping, scrubbing splashed beer off the backsplash for the draft pourers, cutting all fruit for drinks, stocking all syrups and other ingredients used to make drinks, wiping down counter tops and point-of-sale units, cleaning the handheld gaming systems, wiping

down the menus, cleaning under soda machine, cleaning the dishwasher, unrolling the rugs and placing them throughout the store, busing and cleaning the bar between customers, restocking ice as needed, taking out the trash to the dumpster as needed, replacing garbage bags as needed, sweeping the floor as needed, taking plates and platters to the kitchen to be washed, rolling silverware, and answering phones.

27. This is not an exhaustive list, but it provides illustrative examples of duties that Defendant DRH's tipped employees are required to do during their shifts while receiving a tipped wage rate.

28. These tasks are mandatory responsibilities for all bartenders to complete on a daily and weekly basis.

29. Plaintiffs and other similarly situated employees are often required to arrive 30 minutes prior to the restaurant opening to clients, or to stay after the restaurant closes to clients, to perform some of these untipped duties. However, these allotted time periods before opening and after closing are not nearly sufficient blocks of time to perform the lengthy list of required janitorial and maintenance tasks. Plaintiffs must then perform these untipped janitorial and maintenance responsibilities throughout their bartending shifts, during which they are paid a tipped wage rate.

30. When Plaintiffs performed untipped work, they did not interact with customers and did not have the opportunity to earn tips. This untipped work consumed approximately 50 percent of their workweek on a regular basis.

31. When employees spend a significant amount of time performing duties unrelated to their occupation during their shifts the situation is known as having "dual jobs." 29 C.F.R. § 531.56(e).[2] As the federal regulations explain, the § 203(m) tip credit cannot be taken for hours spent in the dual job capacity. *Id.*

32. Additionally, the U.S. Department of Labor's Field Operations Handbook (FOH) provides the authoritative interpretation of the dual jobs concept under the FLSA. In relevant part the FOH states,

> When an individual is employed in a tipped occupation and a non-tipped occupation, for example, as a server and a janitor (dual jobs), the tip credit is available only for the hours spent in the tipped occupation . . . where the facts indicate that the tipped employees spend a substantial amount of time (i.e., ***in excess of 20 percent of the hours in the tipped occupation in the workweek***) performing

---

[2] 29 CFR 531.56(e): (e) Dual jobs. In some situations an employee is employed in a dual job, as for example, where a maintenance man in a hotel also serves as a waiter. In such a situation the employee, if he customarily and regularly receives at least $ 30 a month in tips for his work as a waiter, is a tipped employee only with respect to his employment as a waiter. He is employed in two occupations, and no tip credit can be taken for his hours of employment in his occupation of maintenance man. Such a situation is distinguishable from that of a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses. It is likewise distinguishable from the counterman who also prepares his own short orders or who, as part of a group of countermen, takes a turn as a short order cook for the group. Such related duties in an occupation that is a tipped occupation need not by themselves be directed toward producing tips.

>such related duties, no tip credit may be taken for the time spent in those duties . . . Likewise, an employer may not take a tip credit for the time that a tipped employee spends on work that is not related to the tipped occupation. For example, maintenance work (e.g., cleaning bathrooms and washing windows) are not related to the tipped occupation of a server; such jobs are non-tipped occupations. *In this case, the employee is effectively employed in dual jobs.*

(FOH, 30d00(f)) (emphasis added) (Exhibit A).

33. Defendant DRH availed itself of the tip credit provisions under the FLSA and paid Plaintiffs a sub-minimum wage for all hours that Plaintiffs worked for Defendant DRH, including the periods during which Plaintiffs were performing untipped duties in violation of the FLSA.

34. Because Defendant DRH used Plaintiffs and similarly situated employees to perform untipped duties for a substantial amount of time each workweek – certainly in excess of 20 percent of their shifts in a workweek – Defendant DRH has lost its right to take the tip credit. Defendant DRH must pay the tipped employees working in these dual job circumstances the full minimum wage under 29 U.S.C. § 206.

35. Plaintiffs and similarly situated employees are owed the difference between the minimum wage and the sub-minimum wage they received ($2.13 per hour) as back wages under the FLSA for the time they spent performing untipped work.

36. Plaintiffs also worked overtime hours while performing their dual job functions. Overtime wage rates are based on an employee's calculated regular wage rate pursuant to 5 C.F.R. § 551.511(e). Thus, because Plaintiffs' regular wage rate was improperly determined, their overtime wage rate was also improperly calculated.

## COLLECTIVE ACTION ALLEGATIONS – VIOLATION OF THE MINIMUM AND OVERTIME WAGE PROVISIONS UNDER THE FLSA – DUAL JOBS

37. Plaintiffs hereby repeat and reallege the preceding paragraphs as though fully set forth herein.

38. Plaintiffs bring the FLSA claims in this action as a collective action under 29 U.S.C. §216(b).

39. Plaintiffs assert these claims on behalf of themselves, and on behalf of all similarly situated tipped bartenders employed by Defendant DRH, who were not paid all compensation required by the FLSA during the relevant time period because of Defendant DRH's unlawful compensation policies and practices.

40. Plaintiffs seek to notify the following employees of their right under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join the action:

41. All individuals who worked at any time during the past three years as bartenders at Defendant DRH's Buffalo Wild Wings restaurants, who received a tipped wage rate.

42. The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of that Act. 29 U.S.C. § 255. As alleged above, Plaintiffs' and similarly situated employees' claims arise out of Defendant DRH's willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all tipped employees who meet the above description, employed by Defendant DRH within three years from the filing of this Complaint.

43. Upon information and belief, Defendant DRH has employed more than three hundred tipped employees during the period relevant to this action.

44. The identities of these employees, as a group, are known only to Defendant DRH. Because the numerous members of this collective action are unknown to Plaintiffs, joinder of each member is not practicable.

45. Because these similarly situated tipped employees are readily identifiable to Defendant DRH and may be located through its records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

46. Collective adjudication is appropriate in this case because the tipped employees whom Plaintiffs wish to notify of this action have been employed in positions similar to Plaintiffs; have performed work similar to Plaintiffs; and have been subject to compensation practices similar to those to which Plaintiffs are subject, including unlawful payment of sub-minimum wages for non-tipped work, unlawful application of the FLSA's tip credit provisions and improper calculation of overtime wage rates.

## COUNT I

**Violation of The Minimum Wage Provisions of the FLSA – Dual Jobs**

47. Plaintiffs hereby repeat and reallege all preceding paragraphs as though fully set forth herein.

48. Plaintiffs are "employees" of Defendant, as that term is defined by the FLSA, 29 U.S.C. § 203(e), because Defendant DRH "suffered or permitted" Plaintiffs to work for it.

49. Defendant DRH is Plaintiffs' "employer," as defined by the FLSA, 29 U.S.C. § 203(d), because Defendant "suffered or permitted" Plaintiffs to work for it.

50. Defendant DRH is an "enterprise" as defined by the FLSA, 29 U.S.C. § 204(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

51. Defendant DRH is required to comply with the requirements of the FLSA.

52. Plaintiffs not exempt from the minimum and overtime wage provisions of the FLSA and therefore were entitled to the protections of the statute.

53. Defendant DRH violated the FLSA by requiring Plaintiffs and similarly situated employees to perform non-tipped work that is unrelated to their tipped occupation while paying them less than minimum wage, such as: sweeping, mopping, washing dishes and cups, taking out trash to the dumpster, and generally performing janitorial and maintenance duties for the restaurant.

54. Defendant DRH also violated the FLSA by requiring Plaintiffs and similarly situated employees to perform non-tipped work that, even if related to their tipped occupation, exceeded 20 percent of their time worked in one or more individual workweeks without paying them full minimum wage.

55. Thus, Plaintiffs are considered to be in dual jobs by Defendant DRH as described in the federal regulation, C.F.R. § 531.56(e), and U.S. Department of Labor FOH 20d00(f).

56. Defendant DRH cannot claim the tip credit for the time Plaintiffs spent employed in their non-tipped occupation. 29 C.F.R. § 531.56(e).

57. Employers are required to track the time that dual occupation employees spend in each job. 29 U.S.C. §§ 203(m), 206, 211; U.S. Department of Labor FOH 20d00(f), 29 C.F.R. § 531.56(e).

58. Defendant DRH paid Plaintiffs the same sub-minimum wage for their non-tipped occupations in which they spent more than 20 percent of their shifts in a workweek, in violation of the FLSA. 29 U.S.C. §§ 203(m), 206; U.S. Department of Labor FOH 20d00(f); 29 C.F.R. § 531.56(e).

59. Defendant is therefore in violation of the FLSA's minimum wage provisions and owes back wages to Plaintiffs' and similarly situated employees for weeks that tipped employees worked in dual jobs.

WHEREFORE, Plaintiffs respectfully request that the court enter judgment against Defendant DRH and in favor of Plaintiffs, declare that Defendant DRH willfully violated the applicable tip credit and minimum wage provisions of the FLSA, and grant Plaintiffs compensatory damages in an amount to be determined at trial, along with liquidated damages in an amount equal to their compensatory damages and reasonable attorney's fees and costs incurred in prosecuting this claim.

## COUNT II

**Violation of The Overtime Wage Provisions of the FLSA – Dual Jobs**

60. Plaintiffs hereby repeat and reallege all preceding paragraphs as though fully set forth herein.

61. Plaintiffs are "employees" of Defendant, as that term is defined by the FLSA, 29 U.S.C. § 203(e), because Defendant DRH "suffered or permitted" Plaintiffs to work for it.

62. Defendant DRH is Plaintiffs' "employer," as defined by the FLSA, 29 U.S.C. § 203(d), because Defendant "suffered or permitted" Plaintiffs to work for it.

63. Defendant DRH is an "enterprise" as defined by the FLSA, 29 U.S.C. § 204(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

64. Defendant DRH is required to comply with the requirements of the FLSA, and Plaintiffs are covered employees entitled to the protections of the FLSA and who are not exempt from the overtime wage provisions of the FLSA.

65. Defendant DRH violated the FLSA by requiring Plaintiffs and similarly situated employees to perform non-tipped work that is unrelated to their tipped occupation while paying them less than minimum wage, such as: cleaning bathrooms, sweeping, mopping, and vacuuming floors, washing dishes, rolling silverware, taking out trash to the dumpster, and generally cleaning numerous areas of the restaurant.

66. Defendant DRH also violated the FLSA by requiring Plaintiffs and similarly situated employees to perform non-tipped work that, even if related to their

tipped occupation, exceeded 20 percent of their time worked in one or more individual workweeks without paying them full minimum wage.

67. Thus, Plaintiffs are considered to be in "dual jobs" by Defendant DRH as described in the U.S. Department of Labor FOH 20d00(f) and 29 C.F.R. § 531.56(e).

68. Defendant DRH cannot claim the tip credit for the time Plaintiffs spent employed in their non-tipped occupation. 29 C.F.R. § 531.56(e).

69. Employers are required to track the time that dual occupation employees spend in each job. 29 U.S.C. §§ 203(m), 206, 211; U.S. Department of Labor FOH 20d00(f), 29 C.F.R. § 531.56(e).

70. Plaintiffs worked overtime hours while employed with Defendant DRH.

71. Defendant DRH paid Plaintiffs insufficient overtime wages based on the improper calculation of Plaintiffs' regular pay rate pursuant to 5 C.F.R.§ 551.51(e).

72. Defendant DRH is therefore in violation of the FLSA's overtime wage provisions and owes back wages to Plaintiffs' and similarly situated employees for weeks that tipped employees worked in dual jobs.

WHEREFORE, Plaintiffs respectfully request that the court enter judgment against Defendant DRH and in favor of Plaintiffs, declare that Defendant DRH

willfully violated the applicable tip credit and overtime wage provisions of the FLSA, and grant Plaintiffs compensatory damages in an amount to be determined at trial, along with liquidated damages in an amount equal to their compensatory damages and reasonable attorney's fees and costs incurred in prosecuting this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, respectfully request that the Court grant the following relief:

A. The actions of Defendant DRH complained of herein be adjudicated, decreed, and declared a violation of Defendant DRH's obligations under the FLSA;

B. Find that Defendant DRH willfully violated the FLSA, and enter judgment in Plaintiffs' favor and accordingly against Defendant DRH;

C. Certify the federal-law claim in this case as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and require that notice of their right to join this action by filing with this Court written consent to do so be given to all of Defendant DRH's tipped employees who are similarly situated to Plaintiffs;

D. Declare the rights of the parties and provide commensurate injunctive relief;

E. Award any compensatory damages due to Plaintiffs for any unpaid wages together with an equal amount in liquidated damages according to the applicable statutes of limitations;

F.      Award prejudgment interest with respect to the total amount of unpaid compensation to the extent permitted by applicable law;

G.      Establish a constructive trust, until further order of the Court, consisting of monies improperly withheld by Defendant DRH due to its above-described improper conduct;

H.      Award reasonable attorney's fees and costs to Plaintiffs' counsel as allowed by applicable law and statute; and

I.      Award such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

NOW COME Plaintiffs, by and through their attorneys, THE LAW OFFICES OF BRYAN YALDOU, PLLC, on behalf of themselves and others similarly situated, and hereby demand a trial by jury of the above entitled matter.

/s/ Bryan Yaldou_____
Bryan Yaldou (P70600)
Omar Badr (P70966)
LAW OFFICES OF
BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
bryan@yaldoulaw.com
*Attorneys for Plaintiffs*

Dated: March 8, 2018